UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT DANGANAN, et al.,<br><br>                              Plaintiffs,<br>v.<br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>                              Defendant. | Case No. 2:17-cv-02786-RFB-PAL<br><br>ORDER<br><br>(Mot Strike – ECF No. 20) |

The court set a hearing on defendant's Motion to Strike Plaintiffs' Rebuttal Expert Report of Charles M. Miller (ECF No. 20) on July 19, 2018 at 2:00 p.m. Kesha Hodge appeared on behalf of the plaintiffs, and Scott Flinders appeared on behalf of defendant. The court has considered motion, defendant's Erratta (ECF No. 21), plaintiff's Response and Opposition (ECF No. 22), defendant's Reply (ECF No. 24), and the arguments of counsel at the hearing. At the hearing the court granted the motion in part and denied it in part.

**BACKGROUND**

This is a breach of contract and bad faith claim arising out of claim made under a homeowner's insurance policy issued to the plaintiffs for a home located at 9610 Drayton Avenue in Las Vegas, Nevada. American Family Mutual Insurance Company ("American Family") issued a homeowner's policy for the home and its contents. The case was initially filed in state court and Removed (ECF No. 1) November 3, 2017. Plaintiffs notified American Family, their homeowner's insurance company, on September 21, 2016, that their house had been flooded while the plaintiffs were away. American Family eventually denied coverage for the claim asserting the water damage was caused by continuous seepage, or slow escape of water involving wear and tear and deterioration, which was not covered by the policy. Plaintiffs claim that the source of the water damage was a fracture in the supply line of the downstairs bathroom. Defendant denied

1

coverage asserting it was a continuous seepage and slow escape of water which was not covered by the policy. Plaintiffs seek damages for necessary repairs to the structure and expenses incurred from the loss in excess of $180,000.00. The plaintiffs assert claims for breach of contract; the implied duty of good faith and fair dealing; and tortious bad faith claims handling.

The court's initial Discovery Plan and Scheduling Order (ECF No. 10) established a May 11, 2018 discovery cutoff and other deadlines consistent with the requirements of LR 26-1. The court approved the parties' Stipulation (ECF No. 18) in an Order (ECF No. 19) which extended the discovery cutoff from May 11, 2018, to July 11, 2018. The parties did not request, and the court did not order any extension of the expert or rebuttal expert deadlines.

In the current motion, defendant seeks to strike the report of plaintiffs' expert, Charles M. Miller. On March 12, 2018, plaintiffs disclosed a damages expert, M. Chris Gusick, but did not disclose a bad faith expert. After defendant disclosed its bad faith expert, plaintiffs served what is styled "An Expert Rebuttal Report of Charles M. Miller." Defendant argues that Mr. Miller's opinions go beyond rebuttal of defendant's bad faith expert, Steve Plitt, and instead offers independent bad faith theories. Defendant argues that Mr. Miller only directly discusses Plitt's report in 5 paragraphs of his 80 paragraph, 46-page report. Plaintiffs have the burden of proof on their bad faith claims, but did not disclose a bad faith expert by the initial expert deadline. Defendant's expert, Plitt, offers opinions regarding whether American Family acted reasonably and properly in processing plaintiffs' claims and whether denial was reasonable. American Family's expert did not offer legal opinions as to whether there is coverage, but opinions that decisions concerning coverage was reasonable. By contrast, Mr. Miller's rebuttal report offers independent theories on both the interpretation of the policy, and reasonableness of American Family's investigation that do not directly rebut Mr. Plitt's opinions. A rebuttal report cannot be used to establish plaintiffs' case-in-chief, and a rebuttal expert may only testify after an opposing expert has testified. The rebuttal opinion is not an opportunity to cure oversights in a party's case-in-chief. Accordingly, the court should strike Mr. Miller's report in its entirety and preclude plaintiffs from using it in motion practice, at hearing, or at trial.

Plaintiffs oppose the motion arguing that expert testimony is not required to establish bad faith or to show improper claims handling. Plaintiffs argue that the motion to strike is based on the premise that expert testimony is required for plaintiffs to establish a bad faith claim. Plaintiffs rely on *Tracy v. American Family*, 2010 WL 3724896 (D. Nev. 2010) in which the court held that, unless a breach of contract involves unusually complex or esoteric matters beyond the ken of ordinary jurors, expert testimony is not required to establish bad faith. Plaintiffs argue that this case does not involve complex or esoteric issues, and therefore, no expert is required. However, plaintiffs argue they can "bolster" their claim through expert testimony.

Plaintiffs represent that the need for rebuttal expert testimony only arose when American Family disclosed Steve Plitt as its bad faith expert. Plaintiffs dispute that Mr. Miller's rebuttal report only rebuts 5 of 80 paragraphs of Mr. Plitt's report. However, if the court determines that an expert on bad faith is required for plaintiffs' case-in-chief to establish their bad faith claim, then exclusion would be case dispositive. In this instance, the court must apply the Ninth Circuit five factor test. Less drastic sanctions are available. The defendant has time to depose Mr. Miller before the existing discovery cutoff, and the prejudice or surprise to American Family will be minimal.

American Family replies that it is not seeking a ruling from the court regarding whether expert testimony is needed to establish a bad faith claim. This is an issue for the court to consider on summary judgment. Rather, American Family wants an order striking some or all of Mr. Miller's report because it is not a true rebuttal report and can only be properly used to rebut Mr. Plitt's opinions. In this case, plaintiffs concede Miller's report is only rebuttal, so the only issue is whether it is a true rebuttal report, or whether all or portions of the report should be stricken, and plaintiff should be precluded from relying on it at hearing, motion practice, or trial.

### **DISCUSSION**

Rule 37(c) authorizes sanctions for a party's failure to make disclosures or cooperate in discovery:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence

3

on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 37 gives "teeth" to Rule 26's mandatory disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure. *Goodman v. Staples, The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011). Rule 37(a)(4) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond."

A "district court has wide discretion in controlling discovery." *Ollier*, 768 F.3d at 862 (citing *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011). The Ninth Circuit "gives particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which is "a recognized broadening of the sanctioning power." *Ollier*, 768 F.3d at 859 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F. 3d 1101, 1106 (9th Cir. 2001)). The burden is on the party facing discovery sanctions under Rule 37(c)(1) to prove harmlessness. *Torres v. City of Los Angeles*, 548 F.3d 1197, 12123 (9th Cir. 2008) (citing *Yeti by Molly*, 259 F.3d at 1107). Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction available to the district court even in the absence of showing a bad faith or willfulness. *Yeti by Molly*, 259 F.3d at 1106. Therefore, if full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which" are within the court's discretion. *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998).

The district court also has discretion to exclude expert witnesses who have not been timely disclosed in compliance with the court's scheduling order. *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).

The purpose of rebuttal testimony is to "explain, repel, counteract or disprove evidence of an adverse party . . . " *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005) (internal quotations omitted). Or stated a bit differently, "[t]he proper function of rebuttal evidence is to contradict, impeach or diffuse the impact of evidence offered by an adverse party." *Peals v. Terre Haute Police Department*, 535 F.3d 621, 630 (7th Cir. 2008). Rebuttal evidence may be introduced

4

to challenge the evidence or theory of an opponent, but may not be used to establish a case-in-chief. *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 759 (8th Cir. 2006).

A rebuttal expert witness may only testify after the opposing party's initial expert witness testifies. *Linder v. MeadowGold Dairies, Inc.,* 249 F.R.D. 625, 636 (D. Haw. 2008). The Eighth Circuit has recognized that "the fact that testimony would have been more proper for the case-in-chief does not preclude the testimony if it is proper both in the case-in-chief and in rebuttal." *United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir. 1980). However, rebuttal testimony is not an opportunity to cure oversights in a party's case-in-chief. *Crowley v. Chait,* 322 F.Supp 2d 530, 551 (D.N.J. 2004).

Here, American Family timely designated its bad faith expert. Mr. Plitt's 10-page report outlines his qualification, documents he reviewed, and his review of the claims file in this case on pages 1 – 7. The last 2 ½ pages of report consist of the following five opinions.

1. American Family reasonably processed the Danganan water loss claim submission.
2. American Family's coverage determination was reasonable given the facts presented.
3. American Family's processing of the Danganan water loss claim submission was consistent with the insurance policy's covenant of good faith and fair dealing.
4. American Family's processing of the Danganan water loss claim submission was consistent with Nevada's Unfair Claims Practices Act.
5. American Family's processing of the Danganan water loss claim submission was consistent with industry standard, custom, and practice.

Plaintiffs served what was designated as a rebuttal expert report of Charles M. Miller by the deadline for disclosing rebuttal experts. Mr. Miller's report is attached as Exhibit B4 to American Family's motion to strike. The first page of the report is captioned as a rebuttal expert report. However, after the Table of Contents, the first page of the report entitled "Introduction" indicates that Mr. Miller was "retained by Robert and Myrna Danganan . . . to provide my expert opinion on whether American Family Mutual Insurance Company . . . complied with the practices and standard in the insurance industry for claims handling in its handling of Danganan's claim,

which is the subject of this action." He goes on to state that he has been asked to address the opinions of Mr. Steven Plitt in his March 5, 2018 report.

Mr. Miller's 46-page report opines that American Family failed to comply with insurance industry claims handling standard in its handling of the plaintiffs' claims. He opines that American Family ignored facts which would have supported coverage for the claim; repeatedly interpreted the insurance policy's seeping and leakage exclusion contrary to the accepted standards in the insurance industry; failed to investigate whether the water leak was mere seepage or leakage as required by exclusion and properly relied upon an unidentified employee of a water remediation company to deny the claim; failed to consider its claim decision in accordance with industry claims handling standards; and failed to investigate and evaluate possible humidity damage to the plaintiffs' residence which was not excluded in the policy. He also criticizes Mr. Plitt's report for failing to address whether the leak was mere seepage and leakage, indicating it appears to assume the because the leak may have gone on for some time that the policy exclusion applied to this claim. Mr. Miller states that numerous facts supported the conclusion that the leak was much more than seepage and leakage which Mr. Plitt ignored. According to Mr. Miller, Mr. Plitt erroneously concluded that it was reasonable for American Family to rely upon an unidentified water remediation employee to deny the claim when the qualifications of the employee were not known, and that overall, Mr. Plitt's opinions "are not supported by the facts of the claim, the language of the seepage and leakage exclusion, or the insurance industry claims handling standards."

The court will deny American Family's Motion to Strike, but will preclude plaintiffs from calling Mr. Miller in their case in chief. Plaintiffs' counsel affirmatively represented that she did not believe an expert was necessary to prove a bad faith claims and that she did not intend to call a bad faith expert during plaintiffs' case in chief. Rather, she represented she only designated Mr. Miller as a rebuttal expert to contradict or refute Mr. Plitt's report and testimony. Mr. Miller will only be allowed to testify if Mr. Plitt testifies. The scope of Mr. Miller's rebuttal testimony, if any, is an issue more appropriately reserved for the trial court after Mr. Plitt testifies. The trial court will be in a much better position to assess what opinions are appropriately admitted in rebuttal

after Mr. Plitt testifies in defendant's case in chief, and if Mr. Plitt does not testify Mr. Miller will have no opinions to offer.

For these reasons

**IT IS ORDERED** that the Motion to Strike Plaintiffs' Rebuttal Expert Report of Charles M. Miller (ECF No. 20) is **granted in part and denied in part.** Mr. Miller is precluded from testifying in plaintiff's case in chief. The scope, if any, of his rebuttal opinions will be determined by the trial judge if Mr. Plitt testifies in defendant's vase in chief.

DATED this 2nd day of August, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE